UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAMON D. WALKER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | C.A. No. 16-10866-ADB |
| | * | |
| LOIS RUSSO, | * | |
| | * | |
| Respondent. | * | |

ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court orders that this action be transferred to the United States District Court for the Eastern District of Virginia.

**I.     BACKGROUND**

On May 11, 2016, Ramon D. Walker, who is incarcerated at MCI Concord in Concord, Massachusetts, filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus and paid the $5.00 filing fee.  He names MCI Concord Superintendent Louis Russo as the respondent.   The petition has not been served pending the Court's preliminary review of the document.  *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

According to Walker's petition, he is currently serving a sentence for a 2011 Massachusetts state court conviction..  He is not, however, challenging his present physical confinement in Massachusetts.  Rather, the petitioner seeks dismissal of a term of probation

imposed on him by the Chesterfield County Circuit Court in Virginia. Walker represents that, when he was on probation in Virginia, authorities in that state sent him to Massachusetts to respond to pending charges. Following his 2011 conviction in Massachusetts, Virginia authorities charged him with violating the conditions of his probation.

The petitioner brings three claims: he never agreed to the terms of his probation; Virginia authorities failed to obtain a governor's warrant to extradite him to Massachusetts; and Virginia waived jurisdiction over him by improperly transferring him to Massachusetts. In terms of relief, Walker asks that the term of probation imposed on him in Virginia be dismissed.

## II. DISCUSSION

In general, when a habeas petitioner is challenging present physical custody, the proper respondent is the immediate physical custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). If, however, the challenged "custody" is other than present physical confinement, the proper respondent is the person or agency who exercises legal control with respect to the challenged custody. *See id.; see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494-95, 500 (1973) (Kentucky court which had lodged detainer against Alabama prisoner was proper respondent in habeas action challenging detainer). Further, district courts are limited to granting habeas relief "within their respective jurisdictions," 28 U.S.C. § 2241(a), which means that "the court issuing the writ [must] have jurisdiction over the custodian," *Padilla*, 542 U.S. at 442 (quoting *Braden*, 410 U.S. at 495).

Here, Superintendent Russo is not the proper respondent because the petitioner is not challenging his present physical confinement in Massachusetts. As the custody from which Walker seeks release is the term of probation imposed by the Chesterfield County Circuit Court in Virginia, the Virginia court is the proper respondent. Further, as the respondent is not located

within this District, the Court does not have jurisdiction over the matter. Instead of dismissing the petition, however, the Court will substitute Superintendent Russo with the proper respondent and will transfer the action to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 1404(a) (court may transfer any civil action in the interest of justice to any district where the action might have been brought).

### III. CONCLUSION

Accordingly:

1. The Chesterfield County Circuit Court in Virginia shall be substituted as the sole respondent and Superintendent Russo shall be dismissed as a party to this action.

2. The Clerk shall transfer this action to the United States District Court for the Eastern District of Virginia.

**SO ORDERED.**

May 23, 2016               /s/ Allison D. Burroughs
                           ALLISON D. BURROUGHS
                           UNITED STATES DISTRICT JUDGE